IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES NEVOTNEY BOLTON**                                               **PLAINTIFF**

v.                               CIVIL ACTION NO. 1:18-CV-132-HSO-JCG

**KENNETH GARNER**                                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Charles Nevotney Bolton. Plaintiff filed this suit *pro se* and *in forma pauperis* on April 18, 2018, while an inmate in the custody of the Harrison County Adult Detention Center in Gulfport, Mississippi. Plaintiff has failed to prosecute and obey orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff filed suit against Kenneth Garner, an Investigator at the Biloxi, Mississippi Police Department on April 18, 2018. He alleges that after a traffic stop, Defendant Garner seized his SUV and his money without providing notice of the seizure or the administrative forfeiture proceedings. His Complaint seeks payment for his vehicle and accessories for a total of $12,749 (ECF No. 1).

After filing his Complaint, Plaintiff notified the Court of a change in Address on September 14, 2018, indicating that he was at the West Tennessee Detention Facility (ECF No. 11). However, mail sent to the Plaintiff has been returned undeliverable four times (ECF Nos. 12, 14, 18, & 20). Defendant filed a

Motion for Summary Judgment on November 12, 2018 (ECF No. 15). After Plaintiff failed to file a response, the Court entered an Order to Show Cause (ECF No. 17) on December 12, 2018. Plaintiff's response was due on or before January 12, 2019. After Plaintiff failed to comply, the Court entered a Second Order to Show Cause (ECF No. 19) on January 22, 2019. Plaintiff's response was due on or before February 21, 2019. To date, Plaintiff has not responded to either Order to Show Cause or the Defendant's Motion for Summary Judgment. Plaintiff was repeatedly warned that his failure to abide by the Court's orders or to advise the Court of a change of address would be deemed a purposeful and a contumacious act by him that would result in the case being dismissed (ECF Nos. 3, 5, 6, 17, & 19).

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district

court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to the Defendant's Motion for Summary Judgment (ECF No. 15), nor has he responded to either of the Court's Orders to Show Cause (ECF Nos. 17 & 19). It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since September 14, 2018. Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 6th day of March, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE